NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY PETERSON,

        Plaintiff-Appellant,

  v.

GANNETT COMPANY, INC.; PHOENIX
NEWSPAPERS, INC., DBA Arizona
Republic,

        Defendants-Appellees,

 and

DENNIS K. BURKE; MARCO A. LOPEZ,
Jr.; LUIS BORBON HOLGUIN; VICTOR
FLORES; LISA FLORES; MARIO E.
DIAZ; SUZANNE BARR; DAVID LOPEZ;
CRAIG HARRIS; DEMOCRATIC
NATIONAL COMMITTEE; DIAZ,
Unknown; named as Jane Doe Diaz,

        Defendants.

No.   21-15057

D.C. No. 2:20-cv-00106-MTL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted November 16, 2021
Phoenix, Arizona

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  GILMAN,[**] BRESS, and VANDYKE, Circuit Judges.

Jeffrey Peterson appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of Peterson's defamation claim against Gannett Company and Phoenix Newspapers, regarding an article that defendants published on Peterson's business dealings.  We review the district court's grant of a motion to dismiss de novo.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      To determine the legal standard that applies to Peterson's defamation claim, we must first determine if he was a limited public figure.  If he is, Peterson must show that the article was published with actual malice, "that is, with knowledge that it was false or with reckless disregard of whether it was false or not."  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964).

The district court correctly concluded that, based on the allegations of Peterson's operative complaint, Peterson is a limited public figure with respect to the subject of the news article.  "Whether an individual is a public figure is a question of law that must be assessed through a totality of the circumstances."  *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 888 (9th Cir. 2016).  "In undertaking

[**]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

this inquiry, we consider whether (i) a public controversy existed when the statements were made, (ii) whether the alleged defamation is related to the plaintiff's participation in the controversy, and (iii) whether the plaintiff voluntarily injected [him]self into the controversy for the purpose of influencing the controversy's ultimate resolution." *Makaeff v. Trump University, LLC*, 715 F.3d 254, 266 (9th Cir. 2013).

By these standards, Peterson is a limited-purpose public figure. Peterson's complaint describes himself as a "well-known technology entrepreneur" who founded Quepasa.com ("a national sensation") and who has developed and maintained a network of political connections to further his business enterprises. The article discusses Peterson's business dealings at Quepasa and controversies concerning Peterson's role in Mobile, another business venture. Given "the nature and extent of [Peterson's] participation in the particular controversy giving rise to the defamation," *Makaeff*, 715 F.3d at 266 (citation and internal quotation marks omitted)—as well as the public nature of that controversy, which involved various other public figures and resulted in a state investigation of Peterson's business practices—we conclude that Peterson is a limited public figure with respect to the business dealings discussed in the article. Peterson's claim that his public-figure status ended long ago is inconsistent with the allegations in his complaint. Regardless, as we have previously noted, "every court of appeals that has

specifically decided this question has concluded that the passage of time does not alter an individual's status as a limited purpose public figure." *Partington v. Bugliosi*, 56 F.3d 1147, 1152 n.8 (9th Cir. 1995).

2.      Because Peterson is a limited public figure, he "must demonstrate by clear and convincing evidence" that appellees made their allegedly defamatory statements with actual malice. *Makaeff*, 715 F.3d at 265. We have carefully reviewed Peterson's operative complaint and conclude that he has not alleged actual malice. Peterson's conclusory allegations do not "permit the conclusion that [appellees] in fact entertained serious doubts as to the truth of [their] publication." *Time, Inc. v. Pape*, 401 U.S. 279, 291–92 (1971).[1]

**AFFIRMED.**

---

[1] Peterson does not dispute the district court's conclusion that he failed to allege actual malice with respect to his false-light claim. Peterson has therefore abandoned this claim. *See United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006). Regardless, Peterson did not plead actual malice as to his false-light claim for the same reasons articulated above.